**E-FILED**

Monday, 27 September, 2004  09:11:05 AM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | | |
|---|---|---|
| THE DOWNEY GROUP, INC. and | ) | |
| DAVID J. DOWNEY, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | **Case No. 03-CV-2081** |
| | ) | |
| BRUCE KNOX, | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>ORDER</u>

On May 15, 2003, Knox filed a Notice of Removal (#1) and removed to this court the Complaint filed by Plaintiffs in the circuit court of Champaign County. The case was removed based upon diversity jurisdiction. On November 7, 2003, this court entered an Order (#17) which compelled arbitration of Downey Group's claims and stayed the proceedings pending the completion of arbitration of Downey Group's claims. In its Order, this court did not vacate the final pretrial conference scheduled for December 20, 2004, or the bench trial scheduled for January 18, 2005. This court believed that, if arbitration proceeded expeditiously, those dates could still be utilized.

A telephone status conference was held on January 22, 2004. At that conference, the parties advised the court that arbitration was proceeding. The matter was set for a further telephone status conference on June 25, 2004. Due to various difficulties, the telephone status conference was not held until September 7, 2004. At the telephone status conference, Plaintiffs' counsel advised the court that arbitration on a related matter between the parties was close to completion. Plaintiffs' counsel also advised the court that arbitration regarding the matters at issue in this case had just been commenced the week before the status conference.[1] This court set a status conference to discuss the

_____

[1] Based upon Plaintiffs' counsel's representation, arbitration was commenced approximately 10 months after this court's Order compelling arbitration of Downey Group's claims.

arbitration proceedings on December 21, 2004.  Later that day, this court reset the telephone status conference to November 19, 2004, noting that the final pretrial conference remained set for December 20, 2004, and the bench trial remained set for January 18, 2005.

On September 9, 2004, Plaintiffs filed a Motion for Emergency Hearing, or, in the Alternative, Motion for Continuance (#20).  Plaintiffs seek to continue the final pretrial conference and bench trial pending the conclusion of arbitration.  Plaintiffs stated that "it is anticipated that the arbitration of [Downey Group's claims] will occur in the next eight to nine months."[2]

In reviewing the file in preparation for ruling on Plaintiffs' Motion, it came to this court's attention that the Notice of Removal does not include allegations adequate to establish that this court has diversity jurisdiction over this case.  It is this court's duty to assure that it has subject matter jurisdiction.  See Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003).  The Notice of Removal (#1) stated that David J. Downey is an individual "residing in" Illinois and that Downey Group, Inc. is "an Illinois corporation residing and doing business" in Illinois.  The Notice of Removal further stated that Bruce Knox is an individual "residing in" California.  The Notice of Removal also noted that Plaintiffs alleged in their complaint that the amount in controversy is in excess of $75,000.

However, 28 U.S.C. § 1332(a) provides that diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a) (emphasis added).  The statute also provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated

_____

[2] This court notes that, if arbitration had been commenced immediately following this court's order, which was entered more than 10 months ago, arbitration may well have been completed by now, based upon Plaintiffs' estimate of the time required for arbitration proceedings.

2

<u>and</u> of the State where it has its principal place of business . . . ."  28 U.S.C. § 1332(c) (emphasis added).  Defendant's allegations in the Notice of Removal failed to state the citizenship of any of the parties.  This court therefore concludes that Defendant must be required to provide this court with a document establishing that diversity jurisdiction existed at the time this case was removed to this court.  This document must state the citizenship of each of the parties.  Of course, this court will not rule on Plaintiffs' Motion for Emergency Hearing (#20) until it is satisfied that it has jurisdiction over this case.

IT IS THEREFORE ORDERED THAT Defendant has fourteen (14) days to submit a document to this court which establishes the basis for this court's jurisdiction.

ENTERED this 27th day of September, 2004

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE

3